UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHELSEA ROCUBA,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:10-1465 |
| v. | : | (MANNION, M.J.) |
| **OFFICER TIMOTHY MACKRELL,** Individually and as a Police Officer to the City of Carbondale, and **CITY OF CARBONDALE**[1], | : : : | |
| | : | |
| Defendants/ Third-Party Plaintiffs | : | |
| v. | : | |
| **GREGORY PERRI,** | : | |
| Third-Party Defendant | : | |

## MEMORANDUM AND ORDER[2]

Pending before the court is a joint motion to strike/dismiss the third-party complaint. (Doc. No. 22). Based upon the court's review of the motion

---

[1] The court notes that the docket in this action has been amended to reflect the City of Carbondale as a separate defendant/third-party plaintiff. While it is not so apparent from the captions of the original or third-party complaints, the actual allegations of the complaints and subsequent filings by the parties make clear that the City of Carbondale is a separate defendant/third-party plaintiff in this action and so the docket has been amended to reflect this.

[2] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

and related materials, the motion will be granted.

By way of relevant background, the plaintiff filed the instant civil rights action pursuant to 42 U.S.C. §1983 on July 15, 2010. (Doc. No. 1). On January 26, 2011, the defendants filed a motion for leave to file a third-party complaint[3] against Gregory Perri. (Doc. No. 7). By order dated March 10, 2011, following a telephone conference with the parties, the court granted the defendants' motion to file a third-party complaint which was unopposed at that time by the plaintiff. (Doc. No. 17). The third party-complaint was filed on March 11, 2011, (Doc. No. 19).

On April 19, 2011, the plaintiff and Mr. Perri, the third-party defendant, ("moving parties"), filed the instant joint motion to strike/dismiss the third-party complaint, (Doc. No. 22), along with a brief in support thereof, (Doc. No. 23). The defendants filed an opposing brief on June 10, 2011, (Doc. No. 24), along with an answer to the joint motion, (Doc. No. 25). A reply brief was filed by the moving parties on June 21, 2011. (Doc. No. 26).

In their motion, the moving parties argue that, pursuant to Rule 14(a)(1)[4]

---

[3]The defendants referred to the filing as a "joinder complaint." However, the court has construed it as a third-party complaint pursuant to Fed.R.Civ.P. 7(a)(5).

[4]Rule 14(a)(1) provides, in relevant part:

(a)   When a Defending Party May Bring in a Third Party.

(continued...)

2

of the Federal Rules of Civil Procedure, the defendants/third-party plaintiffs have failed to allege that the third-party defendant is directly liable to them and have, therefore, failed to state a cause of action upon which any relief can be granted. It is argued that the plaintiff sued under §1983 alleging that defendant Mackrell violated her Fourth Amendment rights when he intentionally rammed an All-Terrain Vehicle, ("ATV"), upon which she was riding and then arrested her without probable cause. It is further argued that the third-party complaint alleges only that the plaintiff's injuries were caused by third-party defendant Perri's negligent driving of the ATV upon which she was riding, and that the third-party plaintiffs have not alleged that third-party defendant Perri is liable directly to them in any way. Accordingly, it is argued that the third-party complaint should be dismissed.

In response, the defendants/third-party plaintiffs verify that their position is that the third-party defendant was operating the ATV involved in the accident illegally and negligently on the day in question. If the plaintiff sustained injuries, the defendants/third-party plaintiffs argue that third-party defendant Perri is solely liable for those injuries. The defendants/third-party

---

[4](...continued)
    (1)    Timing of the Summons and Complaint. A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty *who is or may be liable to it for all or part of the claim against it*.

Fed.R.Civ.P. 14(a)(1) (emphasis added).

plaintiffs argue that the actions alleged in the third-party complaint are related to the original complaint in that they arise out of the same incident.

As noted above, pursuant to Federal Rule of Civil Procedure 14(a)(1), a defending party may join a non-party "who is or may be liable to it for all or part of the claim against it." "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* §1446, at 377 (2d ed.1990). Third-party liability must depend on the outcome of the main claim and derive from defendant's liability to the plaintiff in the main action so that, if the third-party plaintiff is found liable, the third-party defendant will be liable to the third-party plaintiff "under a theory of indemnification, contribution, or some other theory of derivative liability recognized by the relevant substantive law." Toberman v. Copas, 800 F.Supp. 1239, 1242 (M.D. Pa. 1992); 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure*, §1446, at 246 (2d ed. 1990). A third-party complaint is improper where the defendant/third-party plaintiff seeks to join a third-party defendant who is or may be liable only to the original plaintiff. Toberman, 800 F.Supp. at 1242-43. The decision to permit joinder rests with the sound discretion of the trial court. Morris, 192 F.R.D. at 487 n.3.

With respect to the instant action, the defendants/third-party plaintiffs allege only that, if the plaintiff sustained injuries, it was the third-party

4

defendant's negligence which solely caused those injuries. The defendants/third-party plaintiffs have not set forth any claim of derivative or secondary liability against the third-party defendant. Instead, the claim of the defendants/third-party plaintiffs is for negligence and is essentially put forth as a defense to the plaintiff's claim rather than as a derivative claim. The defendants/third-party plaintiffs argue that it was actions of the third-party defendant, not their actions, which caused the plaintiff's injuries, if any such injuries were incurred. This is not a proper basis for a third-party claim pursuant to Fed.R.Civ.P. 14(a).

In considering the position of the defendants/third-party plaintiffs, the alleged liability of third-party defendant Perri is not dependent on the outcome of the claims brought by the plaintiff against the defendants. Specifically, the plaintiff claims that the defendants intentionally violated her constitutional rights by ramming the ATV upon which she was riding and effecting an unlawful arrest. The claim of the defendants/third-party plaintiffs against the third-party defendant is that he was driving negligently which caused the plaintiff's injuries, if any. The liability of the third-party defendant in driving negligently is in no way dependent upon the liability of the original defendants under §1983 which is based upon the alleged intentional violation of the plaintiff's constitutional rights. In other words, a determination of whether the third-party defendant was negligent is in no way dependant upon the outcome of the plaintiff's constitutional claims against the defendants/third-party

plaintiffs.

The defendants/third-party plaintiffs argue that the instant action is similar to that of Naramanian v. Greyhound Lines, Inc., 2010 WL 4628096 (E.D.Pa.), which allowed joinder and, therefore, the instant motion to strike/dismiss should be denied. The defendants/third-party plaintiffs argue that, as in Naramanian, the actions alleged against the third-party defendant are transactionally related to the claims brought by the plaintiff and should therefore be allowed to proceed.

Initially, the court notes that "[t]he mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." County of Hudson v. Janiszewski, 2007 WL 2688882 (D.N.J.) (citing 6 Charles Alan Wright, Arthur Miller, Mary Kay Kane, *Federal Practice and Procedure* 2d §1446 (2007); see 3 James William Moore, et al., *Moore's Federal Practice* 3d ¶14 .04 (2007) (noting that test for joinder of third-party under Rule 14(a) is not transactional and therefore differs from standards for compulsory counterclaims and cross-claims)).

Moreover, in Naramanian, passengers of a motor vehicle sued Greyhound for negligence as a result of injuries sustained in a collision with a Greyhound bus. In turn, Greyhound sought to implead the driver of the plaintiffs' vehicle alleging negligence on the driver's part. In allowing Greyhound to file the third-party complaint, the court found that "[c]learly, joining Naramanian as a third-party defendant would not introduce an

unrelated controversy because the sole claim alleged in both complaints, negligence, is the same." Naramanian, 2010 WL 4628096 at *6.

Here, contrary to the facts in Naramanian, although the claim raised by the defendants/third-party plaintiffs arises out of the same incident as alleged in the original complaint, the substance of the claims is substantially different. Whether the defendants intentionally violated the plaintiff's constitutional rights is quite different from whether third-party defendant Perri was negligent in the operation of his ATV. See Bayes v. Liberati, 1990 WL 83337 (E.D.Pa.) (motion to dismiss third-party complaint granted, in part, because the negligence claim against the third-party defendant was in no way dependent upon the outcome of the plaintiff's RICO and state law claims which alleged intentional tortious activity by the defendant).

In addition to arguing that the defendants/third-party plaintiffs have failed to meet the procedural requirements of Fed.R.Civ.P. 14(a), the moving parties argue that the defendants/third-party plaintiffs, who are alleged to have engaged in intentional acts, cannot claim secondary liability in the form of contribution from the third-party plaintiff for his alleged negligence. This court finds that, in any event, a separate third-party action seeking indemnification or contribution is not permitted under §1983. A majority of courts to address the issue have found that there exists no claim for indemnity or contribution for §1983 actions. See Crews v. County of Nassau, 612 F.Supp.2d 199, 207-13 (E.D.N.Y. 2009) (citing Rodriguez v. City of New York, 2007 WL 4145407,

7

at *2 (S.D.N.Y.); Hayden v. Hevesi, 2007 WL 496369, at *4 (W.D.N.Y.); M.O.C.H.A. Society, Inc. v. City of Buffalo, 272 F.Supp.2d 217, 221 (W.D.N.Y. 2003); Koch v. Mirza, 869 F.Supp. 1031, 1040-42 (W.D.N.Y. 1994); Hughes v. Adams, 2007 WL 3306076, at *2 (W.D.Ky.); Katka v. Mills, 422 F.Supp.2d 1304, 1307 (N.D.Ga. 2006); Frantz v. City of Pontiac, 432 F.Supp.2d 717, 722 (E.D.Mich. 2006); Hart v. City of Williamsburg, Ky.,2005 WL 1676894, at *3 (E.D.Ky.); Hepburn ex rel. Hepburn v. Athelas Institute, Inc., 324 F.Supp.2d 752, 757 (D.Md. 2004); Wright v. Reynolds, 703 F.Supp. 583, 590 (N.D.Tex. 1988); Gray v. City of Kansas City, 603 F.Supp. 872, 875 (D.Kan. 1985); cf. Allen v. City of Los Angeles, 92 F.3d 842, 845 n.1 (9th Cir. 1996) ("There is no federal right to indemnification provided in 42 U.S.C. §1983."), *overruled on other grounds sub nom.*, Acri v. Varian Assocs., Inc., 114 F.3d 999 (9th Cir. 1997) (en banc); Jackson v. Hoffman, 1994 WL 114007, at *2 (D.Kan.) (striking allegations by defendants that, *inter alia*, plaintiff's attorney was contributorily negligent and stating that "comparative negligence is not applied in §1983 actions"); Banks v. City of Emeryville, 109 F.R.D. 535, 539 (N.D.Cal. 1985) (holding that there is no right to indemnification under Section 1983)). See also TCI Cablevision, Inc. v. City of Jefferson, 604 F.Supp. 845, 847 (W.D.Mo. 1984); Valdez v. City of Farmington, 580 F.Supp. 19, 20-21 (D.N.M. 1984); Anderson v. Local Union No. 3, Int'l Brotherhood of Elec. Workers, 582 F.Supp. 627, 631 (S.D.N.Y. 1984); Melson v. Kroger Co., 578 F.Supp. 691, 696 n.3 (S.D.Ohio 1983)); Diaz-Ferrante v. Rendell, 1998 WL 195683, *4

(E.D.Pa.) (collecting cases). But see Miller v. Apartments and Homes of New Jersey, Inc., 646 F.2d 101, 108 (3d Cir.1981) (finding an implied right to contribution as matter of federal common law)[5]; Klaitz v. State of New Jersey, 2006 WL 1843115, at *6 (D.N.J.) (acknowledging that courts outside of the

---

[5]In Miller, a §1982 action for racial discrimination in housing, the Third Circuit found an implied right to contribution as a matter of federal common law and indicated that defendants adjudicated to be liable may have the amount of liability reduced by the amount paid by settling co-defendants.

Initially, Miller addressed the issue of settlement in a §1982 action in relation to joint violators of federal civil rights, not the issue of whether a defendant could assert a third party claim against another party based upon the alleged violation of the rights of the plaintiff, as opposed to the rights of the third-party plaintiff.

Moreover, in finding that §1982 provided a basis for contribution, the Miller court explicitly relied upon Glus v. G.C. Murphy Co., 629 F.2d 248 (3d Cir. 1980), which held that a federal right for contribution existed under Title VII. Miller, 646 F.2d at 107 ("Nothing in this case suggests that a different analysis or a different result [from Glus under Title VII] should follow in a civil rights case."). After Miller was decided, the United States Supreme Court held that other federal laws did not implicitly create a federal right to contribution. See Texas Indus., Inc. v. Radcliff Materials, Inc., 451 U.S. 630 (1981) (finding no right of contribution under federal antitrust laws); Northwest Airlines, Inc. v. Transport Workers Union of Am., 451 U.S. 77 (1981) (finding no right of contribution under the Equal Pay Act or Title VII). As a result, Glus was subsequently vacated by the Supreme Court and remanded to the Third Circuit for further consideration consistent with Northwest Airlines, Inc. Retail, Wholesale & Dep't Store Union v. G.C. Murphy Co., 451 U.S. 935 (1981). On remand, the Third Circuit recognized that Title VII did not permit contribution claims. Retail, Wholesale & Dep't Store Union v. G.C. Murphy Co., 654 F.2d 944, 944 (3d Cir.1981) (vacating its previous finding that Title VII permitted contribution claims). Although Miller has never been overturned by the Third Circuit, with the foundation of Miller having been overturned, and in light of the intervening Supreme Court precedent, the precedential value of Miller is suspect.

Third Circuit have refused to recognize a right to contribution under §1983 but following Third Circuit precedent in Miller).

Given the above, even had the defendants/third-party plaintiffs set forth derivative claims of indemnification and/or contribution, in light of the fact that the plaintiff is proceeding pursuant to §1983, the court finds that any such claims are impermissible.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

the joint motion to strike/dismiss is **GRANTED** and the third-party complaint, **(Doc. No. 19)**, is **DISMISSED**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION
United States Magistrate Judge**

**Date: November 22, 2011**

O:\shared\ORDERS\2010 ORDERS\10-1465-05.wpd