UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHELSEA ROCUBA, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:10-1465 |
| v. | : | (MANNION, M.J.) |
| OFFICER TIMOTHY MACKRELL, Individually and as a Police Officer to the City of Carbondale, and CITY OF CARBONDALE, | : : : | |
| Defendants | : : | |

**MEMORANDUM AND ORDER**[1]

Pending before the court is the defendants' motion for summary judgment[2]. (Doc. No. 30). Based upon the court's review of the motion and related materials, the defendants' motion will be denied.

**I.   PROCEDURAL HISTORY**

On July 15, 2010, the plaintiff filed the instant action pursuant to 42

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

[2]The court notes that the only arguments raised in the motion for summary judgment relate to the City of Carbondale. However, the defendants argue because the plaintiff cannot maintain the instant action against the City of Carbondale, summary judgment should be granted with respect to both the City of Carbondale and defendant Mackrell.

U.S.C. §1983, in which she alleges that she was the subject of an unlawful arrest and prosecution and that defendant Mackrell used excessive force against her in relation to her arrest. (Doc. No. 1). An answer to the complaint was filed on August 11, 2010. (Doc. No. 4).

On February 18, 2011, the parties consented to proceed with the instant action before the undersigned pursuant to 28 U.S.C. §636(c). (Doc. No. 12).

On October 31, 2011, the defendants filed the instant motion for summary judgment with exhibits. (Doc. No. 30). On November 14, 2011, the defendants filed a supporting brief. (Doc. No. 34). On December 5, 2011, the plaintiff filed a statement of facts with supporting exhibits, (Doc. No. 37), and a brief in opposition to the defendants' motion for summary judgment, (Doc. No. 38). A reply brief was filed by the defendants on December 16, 2011. (Doc. No. 39).

**II.   SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

The Supreme Court has stated that:

> ". . . [T]he plain language of Rule 56(c) mandates the

> entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."

Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. Id. The moving party can discharge that burden by "showing . . . that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Issues of fact are genuine "only if a reasonably jury, considering the evidence presented, could find for the nonmoving party." Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988) (citations omitted). Material facts are those which will effect the outcome of the trial under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The court may not weigh the evidence nor make credibility determinations. Boyle v. County of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998). In determining whether an issue of material

fact exists, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the nonmoving party. Id. at 393.

If the moving party meets his initial burden, the opposing party must do more than raise some metaphysical doubt as to material facts, but must show sufficient evidence to support a jury verdict in its favor. Id.

### III.  DISCUSSION

The following constitutes a summary of the allegations set forth in the plaintiff's complaint.

In the evening of May 29, 2009, Gregory Perri was operating an all-terrain vehicle (ATV) owned and legally registered by Bruno Rocuba. Mr. Rocuba's daughter, the plaintiff Chelsea Rocuba, was a passenger.

Defendant Officer Timothy Mackrell was patrolling Hospital Street after allegedly receiving complaints from City of Carbondale citizens of ATVs driving on public roadways.

After turning onto Hospital Street, Mr. Perri and Ms. Rocuba were noticed by defendant Mackrell, and defendant Mackrell switched the direction he was driving in order to follow their ATV up Hospital Street. Defendant Mackrell did not turn on his lights or sirens at any point.

In apparently conflicting testimony, defendant Mackrell initially testified that Mr. Perri did not properly stop at a designated stop sign at the

intersection of Hospital and Fallbrook Streets thereby almost hitting another car, but later testified that Mr. Perri did stop in time and waved the passenger car on.

Mr. Perri and Ms. Rocuba turned onto Fallbrook Street and proceeded in the direction of off-road trails where they intended to ride the ATV. At this time, defendant Mackrell rammed into the ATV and performed a "classic 'pit maneuver,'" "a maneuver by which one car pursuing another can force the pursued car to abruptly turn sideways to the direction of travel, causing the driver to lose control." This action lifted the ATV up on its rear tire and forcibly pushed it to the curb, placing it directly in the path of oncoming traffic.

Upon initial impact, the plaintiff's neck was jarred and when the ATV hit the curb, she flew off of the ATV and landed on the pavement. The plaintiff experienced severe neck and back pain, as well as injuries to her wrist and right knee. When emergency personnel arrived on the scene, the plaintiff was immobilized and taken to the emergency room at Marian Community Hospital.

After hitting the ATV, defendant Mackrell stepped out of his police cruiser and arrested Mr. Perri without inquiring into the health of either Mr. Perri or Ms. Rocuba. While being placed under arrest, Mr. Perri attempted to lift his head to check on the plaintiff, but was shoved back down by defendant Mackrell who, at no time, inquired about the plaintiff's injuries.

Officer Mackrell was subsequently sent home that evening and

suspended for ten days.

When the plaintiff arrived at the hospital, x-rays were taken. The plaintiff was sent home early the next morning with pain medication, a neck brace and a muscle relaxant. The plaintiff was given instructions on how to care for a cervical strain. Later that morning, the plaintiff experienced severe stiffness in her neck, middle and lower back, as well as a headache. The plaintiff returned to the emergency room on May 30, 2009, complaining of pain in her hand and posterior lower leg. She was given instructions on how to care for wrist sprain injuries.

As a result of the incident, the plaintiff sought counseling services, after which she was diagnosed with Post-traumatic Stress Disorder, Major Depressive Disorder, and Panic Disorder. The plaintiff was determined to have problems with primary support group, occupational problems and educational problems.

As of her complaint, the plaintiff continues to experience headaches as well as stiffness in her neck and back. An MRI was conducted which indicated "mild degenerative disc disease with bulging disc and scoliosis of the spine." Additionally, it was noted "posterior osteophyte ridge is also present at T12-L1 level, with bulging disc and evidence of disc herniation." An EMG/NCV of the plaintiff's upper and lower extremities exhibited "mild acute C5 and C6 radiculopathy bilaterally, as well as mild acute L5 and S1 radiculopathy

bilaterally with paraspinal muscle spasms." The plaintiff continues on medication for her pain.

Subsequent to the incident at issue, the plaintiff was charged with possession, consumption, or transportation of alcoholic beverages by a minor, [18 Pa.C.S.A. §6308(a)](), because there were five (5) beers in a cooler located on the back of the ATV. According to the plaintiff, she had not possessed or consumed any alcoholic beverages, and the beers in the cooler were leftover from the last time her father used the ATV. The plaintiff was found not guilty of the charges on July 1, 2009, after a hearing.

According to the complaint, both the City of Carbondale's Mayor Justin Taylor and Police Chief Jeffrey Taylor have sanctioned and condoned defendant Mackrell's actions. The plaintiff alleges that defendant Mackrell has a history of chasing minors on ATVs and, less than one year before the instant incident, used his patrol vehicle to strike an ATV driven by a twelve-year-old boy, which resulted in a broken collar bone for the minor. Further, another officer of the City of Carbondale Police Department, Officer Andadoria, struck an ATV driven by a minor, which caused the individual severe injuries.

Based upon the foregoing, the plaintiff alleges that the defendants engaged in conduct for the purpose of violating her constitutional rights by subjecting her to excessive and unreasonable force, wrongful arrest, and

malicious prosecution.

Apparently in an attempt to controvert the allegations contained in the plaintiff's complaint, the defendants have filed the instant motion for summary judgment. In reviewing the defendants' motion, the court initially notes that, contrary to Local Rule 56.1, the defendants have failed to provide a statement of material facts. Local Rule 56.1 provides, in relevant part:

> A motion for summary judgment filed pursuant to Fed.R.Civ.P. 56, shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.
>
> *   *   *
>
> Statements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements.

The requirement of a statement of undisputed material facts as provided for in Local Rule 56.1 is consistent with Fed.R.Civ.P. 56 which requires the movant to show that there are no genuine issues of material fact for trial. Moreover, the purpose of the factual statements required by Local Rule 56.1 is not insignificant:

> These statements are not merely superfluous abstracts of the evidence. Rather, they are intended to alert the court to precisely what factual questions are in dispute and point the court to the specific evidence in the record that supports a party's position on each of these questions. They are, in short, roadmaps, and without them the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own.

8

Waldridge v. American Hoechst Corp., 24 F.3d 918, 923 (7th Cir. 1994) (addressing Local Rule 56.1 for the Southern District of Indiana which provides requirements strikingly similar to that of Local Rule 56.1 for the Middle District of Pennsylvania). See also Ritter v. Virtue, 2010 WL 4942107, at *3 n.1 (M.D.Pa. Nov. 30, 2010) ("We will dismiss defendant De Long's motion for summary judgment for failure to conform her motion to the local rules. Local Rule 56.1 requires that when a defendant files a motion for summary judgment the motion must be accompanied by a separate statement of material facts. Here, De Long failed to file such a statement."); Equipment Finance, LLC v. Hutchison, 2010 WL 3791481 (E.D.Pa. Sept. 24, 2010) (denying movant's motion for summary judgment for failure to file a statement of undisputed material facts).

Even though the plaintiff discussed the defendants' failure to comply with Local Rule 56.1 at some length in her opposing brief which argues, in part, that the defendants' motion for summary judgment should be denied on this basis, the defendants have made absolutely no attempt to cure the deficiency. In fact, in the defendants' reply brief, the issue with respect to the defendants' failure to file a statement of facts with supporting record citations, was completely ignored. On this basis alone, the defendants motion for summary judgment could be denied.

However, in addition to the above, the court notes that the plaintiff's

complaint sets forth three claims against the defendants: (1) an unlawful arrest claim; (2) a malicious prosecution claim; and (3) an excessive force claim. Upon review, nowhere in the two-page brief submitted in support of the defendants' motion for summary judgment are any of these claims addressed. Instead, the defendants argue, only with respect to the City of Carbondale, that the plaintiff has not adequately established a substantive due process claim. Moreover, citing to Monell v. Dep't of Social Servs., 43 U.S. 658 (1978), the defendants attempt to argue with respect to the City of Carbondale that a municipality cannot be sued under §1983 when there is in place a municipal policy or custom which causes a violation of an individual's constitutional rights. This, however, is in direct contravention to the holding of Monell. Finally, the defendants rely on the cases of Fagan v. City of Vineland, 22 F.3d 1283 (3d Cir. 1994) and Timko v. City of Hazleton, 665 F.Supp. 1130 (M.D.Pa. 1986), to argue that summary judgment should be entered in favor of the City of Carbondale, but make no attempt to set forth the undisputed and supported facts in this case which would warrant application of either case.

    Considering all of the above, the court finds that the defendants' motion for summary judgment should be denied.

## IV. CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

the defendants' motion for summary judgment, **(Doc. No. 30)**, is **DENIED**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date: December 21, 2011**

O:\shared\MEMORANDA\2010 MEMORANDA\10-1465-01.wpd